**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108723

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN FLAHERTY, Plaintiff, vs. COMPUTER CREDIT, INC, Defendant. | Docket No: **COMPLAINT** JURY TRIAL DEMANDED |

BRIAN FLAHERTY (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against COMPUTER CREDIT, INC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.



BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4. At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5. Plaintiff is an individual who is a citizen of the State of New York and resides in this Judicial District.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Computer Credit, Inc's principal place of business is located in Winston Salem, North Carolina.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

20. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

22. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

23. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

24. Demanding immediate payment without explaining that such demand does not override the consumers right to validation is a violation of the FDCPA.

25. Defendant has demanded Plaintiff make payment during the validation period.

26. Defendant's letter states that its client "insists on payment."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

27. Defendant's letter states that Defendant "is not aware of any reason for [Plaintiff's] nonpayment, therefore [Defendant] expects [Plaintiff] pay the balance due."

28. Defendant has demanded Plaintiff make payment during the validation period, without explaining that such demand does not override the Plaintiff's right to demand validation.

29. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

31. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

33. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

34. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

35. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

36. The "least sophisticated consumer" would likely be deceived by Defendant's conduct.

37. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

40. The written notice must contain the amount of the debt.

41. The written notice must contain the name of the creditor to whom the debt is owed.

42. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

43. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

44. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

46. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

47. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

48. Defendant included in its letter to Plaintiff certain writing in Spanish.

49. The inclusion of Spanish in a letter to an English-speaking consumer is confusing and leaves the consumer uncertain of his rights.

50. The inclusion of Spanish in a letter to the "least sophisticated consumer" is confusing and leaves the "least sophisticated consumer" uncertain as to his rights.

51. Defendant has violated § 1692g as the inclusion of Spanish in the letter overshadows the information required to be provided by that Section.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FOURTH COUNT
## Violation of New York General Business Law § 349

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

54. Defendant's deception as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

55. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

56. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

57. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

58. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

59. Plaintiff is a reasonable consumer

60. Defendant's conduct would mislead a reasonable consumer.

61. Defendant engaged in a material deceptive act or practice as described herein.

62. Defendant's conduct caused plaintiff to suffer injury.

63. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

64. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendant pursuant to NYGBL § 349; and

d. Plaintiff's costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: April 20, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____________
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108723

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530